May it please the Court, my name is David Abney. I'm here representing Pacesetter Consulting, LLC. Thank you for the opportunity to argue today in your beautiful courtroom. Your staff has been nothing but polite and professional. I appreciate being here. My central premise is there's no such thing as a special appearance anymore. I think maybe there used to be in the ancient days, but since 1938 at least, there's been nothing in the Federal Rules of Civil Procedure that allows for a special appearance. And we're all guilty of doing it, and I know judges regularly accept them, and people say I'm making a special appearance, but it's just not so. It's a general appearance. And once you've made a general appearance under the local rules in Arizona, you're responsible for receiving the process, and you're the attorney of record until the time for appeal is completely gone or until you're specifically released by the court by an order. That's why you see a lot of lawyers, very careful ones, saying once they've won a motion to dismiss, you'll see a motion from the lawyer saying I want to be dismissed from the case, and we're out, and I'm no longer lawyer of record, and get an order to that effect. But that didn't happen here. So do the local rules tell us the constitutional issue of jurisdiction? I'm just struggling a bit with whether the local rules are really the point or whether we have any authority that tells us what happens when someone has been dismissed for lack of personal jurisdiction. In this case, there's even then another complaint. So even assuming the lawyer keeps watching for a while, the next complaint doesn't even name Mr. Duda. So at that point, what case tells us that Mr. Duda still has an obligation to be paying attention even if he's not served again? Well, Mr. Duda doesn't have to worry about it. He's got a lawyer who's made an appearance, and that lawyer has the duty to accept service. Anything that comes in relating to the case, relating to that client, that party, it may be a former party as far as the court's concerned, but it's still a party until there's a final judgment and the time for appeal has passed. That lawyer still has a duty to accept service of anything in the case that's related to that client and pass it on to the client. That's the duty. It's in the rules, and it's in the local rule, and it's in the federal rule. The federal rule that says that it's 5B1, if you're represented by a party, service under Rule 5 must be made on the attorney. I didn't have a choice. Let me just get this background clear. An attorney appeared in the district court. Yes, Your Honor. Exactly for what parties did he make an appearance? Does the record show that? Yes, made an appearance for Daniel Duda and for A. Duda and Sons. All right. Now, that's not necessarily Duda and Sons Incorporated, is it? They never appeared. No attorney ever appeared for A. Duda and Sons Incorporated, is that right? Yes. The attorney appeared for A. Duda and Sons Incorporated. No, I just asked you. You said he appeared for just A. Duda and Sons. That's right. I mean, you see. A. Duda and Sons Incorporated, yes. I think all these little, you know, nuances might make a difference. They do make a difference. He didn't appear until later on for Duda Farm Fresh Foods, Inc., but at the beginning there was an appearance, a response to the motion to dismiss by Mr. O'Daniel, and it was for Daniel Duda and A. Duda and Sons, Inc. Now, he said that we had. . . Well, what about A. Duda and Sons LLC? Ah, there you've got me. I'm up a creek with one paddle on that. They tried to serve something called A. Duda and Sons, just a second, Duda and Sons LLC, and there's apparently not an entity like that, or at least not an entity that has anything to do with that, so that fell to the side. But an appearance was made on behalf of A. Duda and Sons, Inc. But does that even make sense if they weren't a party? You know, it's what they did. He made an appearance for them and says, I'm appearing on behalf of them. I've had strange things happen. Sometimes you file a complaint and you get an answer before you even serve it. Somebody just shows up and says, I'm answering this complaint. You see it in snap removal cases pretty regularly. They just show up. So I don't think that's fatal to my position as far as A. Duda and Sons, Inc. The one person I know I've got is Daniel Duda because he was properly served at the beginning, and he was dismissed, but the lawyer kept appearing on his behalf, making special appearances on his behalf. So Daniel Duda I've got, which is important because he is an executive and can bind the companies. If I can get him and keep him in the case, we'll have vicarious liability or other kinds of liability against the companies. In what sense did the lawyer keep making appearances on behalf of Daniel Duda or Mr. Duda? So the individual. Special appearances. So there was a second amended complaint. Were there proceedings in the courtroom as to dismissal of that? Not for that. No. No. Was there anything that he appeared in in the dismissal of the second amended complaint? I don't think so. He made some appearances about we had a rule. There was a Rule 60 motion. He made an appearance in responding to that and maybe one other appearance. And then we get to the third amended complaint, and then what we get from there is a I served the third amended complaint on Mr. O'Daniel thinking he had made an appearance, and he had, on behalf of Daniel Duda and A. Duda and Sons, Inc. Third amended complaint, I'll say, renames Daniel Duda as a defendant. Right. Daniel Duda is in there, A. Duda and Sons, and I think Duda Farm Fresh Foods is in there, too. But he made an appearance for A. Duda and Sons, Inc., and certainly for Daniel Duda. And that's when the roof fell in on me and the judge says, well, you know, you had to have served them in person. And I said, no, there's no such thing as a special appearance. He made a general appearance. I'm obligated, actually, under Rule 5A, had to serve the lawyer. I couldn't serve anybody else. And the district court judge said, nice try, Mr. Abney, but no, that's not how I read the rules. I'm asking the court to read the rules the way they are. There is no such thing as a special appearance anymore. Oddly enough, you just had an admiralty case, I think. You can make a limited appearance in an admiralty case, and that's the only one of the rules that come within the Federal Rules of Civil Procedure where you can actually have what you might call a special appearance. And that's really my thesis. Do you have any case? And so I know you're pointing to local rules, but do you have any case that has held that a dismissal for lack of personal jurisdiction, even two complaints later when there wasn't one in between, tells us that there's no need for re-service on the individual? No, I do not. I'm resting on the local rule and on the Federal Rules of Civil Procedure, Rule 5, and Local Rule 83.3. If I may reserve my remaining time. Thank you. Whenever you're ready, Counsel. Thank you, Your Honor. Good morning, Your Honors. I'm David O'Daniel, and I'm here on behalf of Daniel Duda, A. Duda and Sons, Inc., and Duda Farm Fresh Foods. I think, based on some of the prior questioning, it's important to know that I'm not here on behalf of Duda and Sons, LLC, a nonexistent entity. I also represent Appellee Mark Bassetti, but he's not part of this oral argument because the court has limited it to the issue of whether the court correctly dismissed the third amended complaint against Mr. Duda and the two Duda entities. And the answer to that is clearly, yes, the judge was correct in dismissing the third amended complaint for insufficiency of service of process under Rule 12b-5. The real issue in this case is not, as Pace Center would have you believe, that it has anything to do with a special or a limited appearance or even the Local Rules 83.3 or Rule 5. The real issue here is if you have a person or an entity that is not a party to a lawsuit that hasn't been brought into that lawsuit, does service of process, that is a summons and complaint, have to be made on them pursuant to Rule 4 to bring them within the jurisdiction of the court? And I think that answers your question, Your Honor, that, yes, there has to be service of process. And in this case, there was no service of process. Well, there was. I'm with you as to the two entities, because there never was service under Rule 4 as to either of them, as I understand it. But it seems to me it is a different question as to the individual, Mr. Duda, because he was properly served at the outset under Rule 4, correct? Yes, Your Honor. He was properly served with the first amended complaint. He was personally served with a summons and complaint. So he was properly brought in in February of 2019. So he's been brought into the case in a way that neither of the entities has. And so I guess while I'm sympathetic to your client's position, having been dismissed for lack of personal jurisdiction, it does seem to me that he is differently situated from the entity. Would you at least agree with that point? Your Honor, I don't think that I can agree with that point. And for this reason, he is differentiated from the entities because he was dismissed from the case. The judge no longer, the district court no longer has jurisdiction over him because of that dismissal for lack of personal jurisdiction. So he is out of the case. If this had been a situation where she— with leave to amend, does that mean every time that's done, all the defendants have to be personally served again? If you're saying there is a dismissal for failure or insufficiency of service of process, whether there is a dismissal of that complaint or allowing an amendment to that complaint is a matter of the sound discretion of the trial judge. And in this case, that's not even really an issue on this appeal, Your Honor, because as you recall, Paycenter did not raise that issue in the district court. Paycenter did not raise that in their opening brief, nor did Paycenter raise that issue in their reply brief. I'm sorry, I'm confused by your answer because it sounds like you're saying this was a dismissal for lack of service, but I thought it was a dismissal for lack of sufficient context with the state, with the forum, wasn't it? I'm sorry, maybe I misunderstood the judge. There are two different dismissals. It depends on which defendant you're talking about, really. I think, you know, you can't speak of them all, you know, generically, right? Correct, correct. Mr. Daniel Duda was originally dismissed on April 15, 2019, by the court for lack of personal jurisdiction. At that point in time, he is no longer in the case. The court no longer has jurisdiction over him. It is as if the case is completely dismissed as to him. Just a minute, just a minute. Why do you say at that point the court no longer has jurisdiction? Because that was the court's ruling. Is there a case that says that? If that's true, like, you know, you couldn't even award costs against him, right? Well, he was dismissed for lack of personal jurisdiction, Your Honor. The court had found that it had no personal jurisdiction over Mr. Duda because he was a Florida resident and he didn't have any connections, either general or specific, to the state of Arizona. Let me ask this question. Suppose the plaintiff's attorney says, all right, I'd like to have leave to amend because I can allege, you know, further facts which will demonstrate contacts with the state. The court still doesn't have jurisdiction over him on the amended complaint? If that had happened, Your Honor, it may have jurisdiction at that point in time over him to determine whether or not the court had. No, I don't mean at that time. I mean continuing jurisdiction. No, Your Honor. The court does not have continuing jurisdiction over him. What case says that? In that situation, there's no continuing jurisdiction. I don't have a case off the top of my head, Your Honor, but there is no continuing jurisdiction once a court dismisses a person for lack of personal jurisdiction. That court loses jurisdiction over that person. What case says that? In other words, you can't even file an amended complaint against that person without personally serving it again? It wouldn't be an amended complaint. Well, no, you can't, Your Honor, because the court no longer has jurisdiction. What case says that? That would be the cases of ransom, and it would be the case of break construction, and it would be there's another case that says that, that says once a party is a new party to a lawsuit, they have to be personally served with process if they're being brought in. Oh, no, but he's not a new party. He's already a party. Well, he was no longer a party after he was dismissed from the lawsuit, Your Honor, because he was dismissed for lack of personal jurisdiction. Well, no, no, I mean that, you know, assumes the answer to the question. The question is what does it mean when a person is dismissed for lack of personal jurisdiction and leave to amend is given? Well, under the circumstances, Your Honor. Does it mean jurisdiction over the person is lost? You have to serve the amended complaint and summoned again in person? I don't think so. Yes, Your Honor. Well, Your Honor, I think that it does, and the reason is that in this particular case, there was no appeal from the order that dismissed Mr. Duda for lack of personal jurisdiction. You don't have to appeal if you leave to amend. In fact, you can appeal. There's no final order. Well, the court did grant leave to amend. How did he amend if there was no leave? He did amend, right? He did. The court did grant leave to file the third amended complaint. Wasn't that later? Sorry, let me just get this clear because it might matter. So at the dismissal of the first complaint, am I right that the district court's order did not say anything one way or the other about leave to amend and there was a later motion to amend? Yes, Your Honor, that's correct. And that later motion was after there had already been a prior, there was the dismissal of Mr. Duda occurred, there was a motion to amend the first amended complaint that he had been dismissed from to add the two Duda entities but not add him. It was specifically said that in the motion, I'm not, we're not adding Daniel Duda. Then subsequent, and there was no service of process on either of the two entities. So they weren't brought before the court. So then the third amended complaint, there is a request to file a third amended complaint, which the court granted in that third amended complaint. Then there is the addition of Mr. Duda. The two entities are carried over from the prior case, but they had not been served. So that, but they're in the third amended complaint. And that was required to be served with process. That is, there had to be a summons and a complaint to bring in a service of the summons and complaint to bring him back into the lawsuit. So can I, I'd like to follow up on one of Judge Tashima's questions. So say that a case is dismissed for lack of standing. The plaintiffs haven't alleged enough of an injury for standing. So the case is gone, but I think it's pretty common for the plaintiffs to be able to replete, to try to increase their allegations about injury, to get standing. And I don't think you have to re-serve the defendants. So why should personal jurisdiction be different from subject matter jurisdiction and standing? Well, under the circumstances, Your Honor, it's a jurisdictional issue. The court said, the district court said, I don't have any jurisdiction over him. So therefore he is gone from this by its order of April 15th. There was nothing in the April 15th order that they could do to change the fact that there was no jurisdiction. And in fact, when the court entered its order. Well, they could though, if they, if they could say, actually, we found these contacts with Arizona here, here's how there's personal jurisdiction. I mean, they didn't, but at least in the second amended complaint, they didn't try that. But in theory, they could have tried to show there actually was personal jurisdiction. Well, and in fact, the court, the district court did address that somewhat in its order, which is found at ER 204 to 216. The court said, I have serious concerns because there is no difference between the first amendment complaint and the third amendment complaint as to the allegations as to Mr. Duda. And therefore I don't think that I've still got any kind of jurisdiction. I will have jurisdiction over him because there's no change. So that, that says the judge did look at that and didn't find any change in the allegations. And therefore there was no jurist. There was not going to be any jurisdiction probably, but the court could dismiss it because he was not served with process. That is a summons and the third amended complaint, Which was required because rule four is a jurisdictional rule and ransom holds that the break construction holds that Caden is the other case I was trying to think of. They all talk about the fact that that's a jurisdictional statute. And therefore he was, they were required to serve him. They were required to serve and they could not simply send it to me as counsel. And, and the fact that I may have been counsel of record at one point in time didn't authorize me to accept service of process on his behalf. There was on the cases like Klein are specific about that. And Klein is, uh, and the fact that the Arizona, can I ask you one more question? We've have you over your time, but one more question. So your opposing counsel says that you continued to make appearances on behalf of Mr. Duda, the individual, even at the second amended complaint stage, the third amended complaint stage. I mean, did you go into court and say, I'm still here on behalf of this man who now you're saying there was no jurisdiction over? No, your honor opposing counsel was absolutely incorrect about that. Uh, I made no appearance on behalf of Mr. Duda. After that, he tried to argue, uh, that I, what I did do was I did respond to a rule 60 motion on behalf of Mr. Duda because they filed a rule 60 motion that related back to the first amended complaint and they withdrew that. And under the circumstances, they try to argue that I went to a discovery hearing in June. I did not. It is, there is the discussion in our reply brief about that issue. And the only thing I said at that discovery hearing, which wasn't did not involve my clients was when I came onto the line, it was telephonic. When I came onto the line, I said, this is David. I said, the judge said, and who came on the line? I said, uh, this is David O'Daniel. I did not say who I was representing or anything like that. And so I didn't make any appearances on behalf of Mr. Duda. Uh, you know, the record is very clear. And the third amended complaint is, uh, was then filed. And I didn't even, I didn't make an appearance in relation to that. They just simply tried to serve me. That is not an, you know, just rule 83.3, the local rules and local rule five and rule five itself. Doesn't make me authorized to accept service of process. And that's the thing that paysetter seems to have a problem. Understanding rule five deals with service of any pleading after the jurisdictional complaint that brings a party in. And in this case, there was the jurisdictional pleading that was going to bring Mr. Duda in was the third amendment complaint. Therefore it was required to be served on me. Oh, I'm sorry. It was required to be served on Mr. Duda personally and a summons and complaint. And the last point on that is even if you had looked at the fact that they, they sent it to me and they didn't send it to me because of my representation of Mr. Duda or the entities. It was sent to me, I think because of the fact I was representing Mark to SETI in the action. And there was never any jurisdictional issue on that. And that's why I believe that I was sent the third amendment complaint under the CM ECF system of the court, but under the circumstance, thank you counsel. We have you way over your time. So I think I better cut you off. Thank you very much for the helpful argument. We'll give your opposing counsel. Let's add another minute because we went over here. Okay. Thank you, your honor. And I appreciate your time. Thank you. Well, the way things go up, I haven't convinced you by now. I probably never will, but you're right though. When you talk about when you have somebody that's dismissed, you've, you've moved for leave to file an amended complaint. The court grants you leave. You don't have to reserve physically the complaint against the party. You give it to the lawyer who's made the appearance for the party. That's what we do over and over. The third amendment complaint was a vast improvement over the second amendment complaint. It had far more allegations about Daniel Duda, about his organizations, about how they work together, about how they were the hub of this whole scheme to defraud a pay setter. They were the ones, the money came in from the Mandarin Orange operation to the Duda organizations, and they funneled the money out to the various parties who were involved in this whole scheme. So it's a very important hub to everything that went on, and Daniel Duda is the center of it all. He's a part owner. It's a family business that's been around in Central Florida for, since the, just before the Great Depression and continued forward, and now it's an international organization. They are really the center of everything that happened, and Daniel Duda is the center of that. So we, we, the third amendment complaint was intended to capture all that, and it hasn't, there was no motion to dismiss it based on personal jurisdiction or subject matter jurisdiction or anything other than the fact that we served Daniel Mr. O'Daniel, which is my choice, and I served him intentionally thinking that he had indeed made an appearance for Daniel Duda. I thought he'd also made one for A Duda and Sons, Inc., and vicariously for Duda Farm Fresh Foods, Inc., but that's a limb I'm going to saw myself off, if I keep talking about that. My week is starting now. It sounds like you're conceding that our focus here should be on Mr. Duda. Absolutely, and if you want to take a glance over at A Duda and Sons now and then, that would be fine with me. A Duda and Sons, Inc. But you haven't really argued that serving the A Duda LLC, or whatever the non-existing term is, was enough to have served. No. I guess you could concoct some sort of harebrained argument that we got the name wrong, and therefore we should, you know, and I don't think that would fly very far. I didn't see that in your brief, though, so we're really focused on Mr. Duda here. Yeah, there comes a limit. Even I cannot, I cannot extend my imagination that far. Could I ask you, so I know we're not arguing the rest of the summary judgment here, but just a question as to Mr. Duda. Does he have any different defenses than the rest of the defendants in terms of the summary judgment? I don't know. I don't think so offhand. It turned out we actually had an opportunity to depose him twice because he had filed a very strange declaration the first time around to try to get Mark Bassetti out of the case, and he basically said, well, I don't know anything about anything. Nobody ever told me anything, and it turned out that was false, so a federal magistrate judge in Florida gave us an opportunity to do a second deposition, and it was, and he, then we got another declaration from Mr. Duda that was even stranger than the first one. It contradicted the first, so we have a lot of interesting leads as to where to go with Mr. Duda. It turned out he had a lot of contacts with Arizona. We never realized. He had been out quite often. There was major operations in Arizona. There was all kinds of things going on, so if I can get back in the court against Mr. Duda, we can finally get some justice for Pace Setter, and that's really all I'm here for. Thank you both sides for the helpful arguments.  It was a pleasure. This case is submitted.
judges: TASHIMA, WATFORD, FRIEDLAND